UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

2019-06
Francis X. Donnelly, Esquire
Mayfield, Turner, O'Mara, & Donnelly, PC
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Telephone No. (856) 667-2600
Attorneys for Defendant CVS Pharmacy, Inc.

|  |  |  |
|---|---|---|
| DAMON CARNEY, | : | Hon. Robert B. Kugler |
|  | : |  |
| Plaintiff | : | Civil Action No. 11-CV-07366 |
|  | : |  |
| v. | : |  |
|  | : |  |
| JOHN DOE POLICE OFFICER, individually and in his official capacity, PENNSAUKEN TOWNSHIP POLICE DEPARTMENT, CITY OF PENNSAUKEN, CVS PHARMACY, INC., AND JOHN DOES 1-10, | : | |
|  | : |  |
| Defendants. | : |  |

## NOTICE OF MOTION TO DISMISS

TO:   Matthew B. Weisberg, Esquire
WEISBERG LAW, P.C.
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801
mweisberg@weisberglawoffices.com

PLEASE TAKE NOTICE that on February 21, 2012 at 9:00 a.m., or as soon thereafter as

counsel may be heard, Defendant **CVS Pharmacy, Inc.**, by and through its attorneys, Mayfield,

Turner, O'Mara, & Donnelly, shall move before the Honorable Robert B. Kugler, U.S.D.J., at the

United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S.

Courthouse, 4th & Cooper Streets, Camden, New Jersey, for entry of an order of dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

PLEASE TAKE FURTHER NOTICE that Defendant shall rely upon the Brief submitted herewith.

PLEASE TAKE FURTHER NOTICE that a proposed form of order is submitted herewith.

PLEASE TAKE FURTHER NOTICE that Defendant hereby requests oral argument.

Mayfield, Turner, O'Mara, & Donnelly, PC
Attorneys for Defendant, **CVS Pharmacy, Inc.**

By: _____
Francis X. Donnelly, Esquire

Dated: January _26_, 2012

## CERTIFICATE OF SERVICE

I hereby certify that the within Notice of Motion, Brief, and proposed form of order were timely served to Matthew B. Weisberg, Esquire, WEISBERG LAW, P.C., 7 South Morton Avenue, Morton, PA 19070, via electronic mail, on the 26th day of January, 2012.

_____
Francis X. Donnelly, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

2019-06
Francis X. Donnelly, Esquire
Mayfield, Turner, O'Mara, & Donnelly, PC
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Telephone No. (856) 667-2600
Attorneys for Defendant CVS Pharmacy, Inc.

| | | |
|---|---|---|
| DAMON CARNEY, | : | Hon. Robert B. Kugler |
| | : | |
| Plaintiff | : | Civil Action No. 11-CV-07366 |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE POLICE OFFICER, individually | : | Hearing Date: _____ |
| and in his official capacity, PENNSAUKEN | : | |
| TOWNSHIP POLICE DEPARTMENT, CITY | : | |
| OF PENNSAUKEN, CVS PHARMACY, INC., | : | |
| AND JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

## BRIEF ON BEHALF OF CVS PHARMACY, INC.
## IN SUPPORT OF ITS MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. i

PRELIMINARY STATEMENT ............................................................ 1

LEGAL ARGUMENT ...................................................................... 3

    I.  STANDARD OF REVIEW UNDER RULE 12(b)(6) ........................  3

    II. CVS IS NOT A STATE ACTOR FOR THE PURPOSES OF
        PLAINTIFF'S SECTION 1983 CLAIMS ......................................  5

    III. PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM OF
        MALICIOUS PROSECUTION AGAINST CVS ...........................  8

    IV. NEW JERSEY HAS EXPRESSLY CONSIDERED AND REJECTED
        THE COMMON LAW CLAIM OF NEGLIGENT INVESTIGATION ...  12

CONCLUSION ............................................................................. 14

## TABLE OF AUTHORITIES

**Page(s)**

CASES

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937 (2009)................................................................3, 4, 9, 10, 11

Bailey v. Harleysville Nat'l Bank & Trust,
    188 Fed. Appx. 66 (3d Cir. 2006).........................................................................6

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955 (2007)..........................................................3, 7, 9, 10

Benavidez v. Gunnell,
    722 F.2d 615 (10th Cir. 1983) ..............................................................................6

Benn v. Universal Health System, Inc.,
    371 F.3d 165 (3d Cir. 2004)................................................................................6

Brunson v. Affinity Fed. Credit Union,
    954 A.2d 550 (N.J. App. Div. 2008)..............................................................12, 13

Brunson v. Affinity Fed. Credit Union,
    972 A.2d 1112 (N.J. 2009)....................................................................2, 8, 9, 12, 13

Conley v. Gibson,
    355 U.S. 41, 78 S. Ct. 99 (1957)..........................................................................3

Cooper v. Muldoon,
    No. 05-4780, 2006 U.S. Dist. LEXIS 23388 (E.D. Pa. Apr. 26, 2006)....................6

Cvetko v. Derry Twp. Police Department,
    No. 09-1260, 2010 U.S. Dist LEXIS 43323 (M.D. Pa. May 4, 2010)......................6

Daniel v. Ferguson,
    839 F.2d 1124 (5th Cir. 1988) ..............................................................................6

Dipietro v. New Jersey Family Support Payment Center,
    No. 08-4761, 2009 U.S. Dist. LEXIS 48691 (D.N.J. June 10, 2009)......................7

District of Columbia v. Carter,
    409 U.S. 418, 93 S. Ct. 602 (1973), reh'g denied, 410 U.S. 959, 93 S. Ct. 1411 (1973)..........5

English v. Armstrong,
    No. 05-2029, 2005 U.S. Dist. LEXIS 45038 (D.N.J. Apr. 26, 2005)......................6

Estate of Smith v. Marasco,
    318 F.3d 497 (3d Cir. 2003)...................................................................................8

Fisk v. Letterman,
    401 F. Supp. 2d 362 (S.D.N.Y. 2005)...................................................................7

Fowler v. UPMC Shadyside,
    578 F.3d 203 (3d Cir. 2009)..............................................................................4, 7

Ginsberg v. Healey Car & Truck Leasing, Inc.,
    189 F.3d 268 (2d Cir. 1999)...................................................................................6

Groman v. Twp. of Manalapan,
    47 F.3d 628 (3d Cir. 1995)....................................................................................5

Harvey v. Plaints Tp. Police Dept.,
    421 F.3d 185 (3d Cir. 2005)...................................................................................6

Helmy v. City of Jersey City,
    836 A.2d 802 (N.J. 2003).......................................................................................8

Hines v. Whalen,
    No.10-2850, 2011 U.S. Dist. LEXIS 129491 (D.N.J. Nov. 7, 2011) ....................11

Johnson v. Knorr,
    477 F.3d 75 (3d Cir. 2007).....................................................................................8

Kates v. Bridgeton Police Department,
    No. 10-6386, 2011 U.S. Dist. LEXIS 146652 (D.N.J. Dec. 21, 2011)...................11

Maultsby v. RIH Acquisitions NJ, LLC,
    No. 09-4376, 2011 U.S. Dist. LEXIS 148267 (D.N.J. Dec. 27, 2011)...................10

Moldowan v. City of Warren,
    570 F.3d 698 (6th Cir. 2009) .................................................................................6

Morales v. Busbee,
    972 F.Supp. 254 (D.N.J. 1997) ............................................................................10

Palmerini v. Burgos,
    No. 10-210, 2011 U.S. Dist. LEXIS 90539 (D.N.J. August 15, 2011)....................5

Penwag Property Co. Inc. v. Landau,
    338 A.2d 1265 (N.J. 1978)....................................................................................8

Perkins v. Rich,
    204 F. Supp. 98 (D. Del. 1962), aff'd, 316 F.2d 236 (3d Cir. 1963).........................7

Pittman v. Metuchen Police Department,
    No. 08-2373, 2010 U.S. Dist. LEXIS 108898 (D.N.J. Oct. 13, 2010) ...................................10

Warner v. Sweeney,
    No. 05-2871, 2005 U.S. Dist. LEXIS 44340 (D.N.J. Sep. 12, 2005) .........................................6

West Penn Allegheny Health System, Inc. v. UPMC,
    627 F.3d 85 (3d Cir. 2010)...............................................................................................................4

Wiltz v. Middlesex County Office of the Prosecutor,
    249 Fed. Appx. 944 (3d Cir. 2007)............................................................................................9, 10

**STATUTES**

42 U.S.C. § 1983.................................................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2, 3, 4, 14

Federal Rule of Civil Procedure 8 ...................................................................................................3

## PRELIMINARY STATEMENT

On December 20, 2011, Plaintiff Damon Carney filed this suit against the Pennsauken Township Police Department, the City of Pennsauken, CVS Pharmacy, Inc. ("CVS"), and numerous John Doe defendants alleging violations of his civil rights. According to Plaintiff's "operative facts," sometime on or around June 2011, Plaintiff went to the CVS/pharmacy located at 7500 Maple Avenue in Pennsauken, New Jersey to fill his mother's prescription for Percocet.[1] See Complaint at ¶ 14. Once there, Plaintiff was advised that "he would need to wait several hours before he could receive the prescription." Id. at ¶ 15. Plaintiff then left the store and returned sometime later, where he was again instructed that he would need to wait. Id. at ¶¶ 16-17. At some point during this time, "[u]pon information and belief, Defendant, CVS's employee reported Plaintiff to Defendant [Pennsauken Township Police Department] for forgery of the prescription." Id. at ¶ 22. As a result, as he was waiting, Plaintiff was approached by three police officers, arrested, and subsequently charged with attempting to obtain narcotics through forgery, a felony. Id. at ¶¶ 18-19, 24. Plaintiff asserts that he "pleaded with the Defendant Police Officer to contact Cooper Hospital to verify his mother's prescription," but "Defendant refused to do so." Id. at ¶¶ 23-24. As a result, Plaintiff claims he was "handcuffed," "processed," "arraigned on felony charges," and "detained for approximately 3 hours." Id. at ¶¶ 25, 29. Ultimately, Plaintiff claims that the charges against him were "dismissed" after he produced evidence that the prescription was for his mother. Id. at ¶ 27.

With respect to CVS, Plaintiff alleges two counts: malicious prosecution (in violation of the Fourth & Fourteenth Amendments) (see Plaintiff's Complaint at Count III) and negligence (for failing to properly verify the prescription) (see Plaintiff's Complaint at Count IV).

---

[1] For the sole purpose of this Motion to Dismiss, CVS accepts as undisputed the facts as alleged in Plaintiff's Complaint.

Specifically, in Count III, Plaintiff claims that CVS, though "ordinarily a private actor," "acted under the color of state law and state authority when it reported Plaintiff to police in order to coordinate the initiation of Plaintiff's arrest, prosecution, charges and criminal proceedings resulting in his arrest." Id. at ¶¶ 49, 52 ("Defendant, CVS is a state actor"). Moreover, Plaintiff further claims that "the proceeding was without probable cause" and that CVS "acted maliciously, or for a purpose other than bringing Plaintiff to justice." Id. at ¶ 50.

However, Plaintiff's allegation, upon mere "information and belief," that CVS's employee reported Plaintiff to the police for forgery of a prescription, is insufficient to establish CVS as a state actor or acting "under the color of state law." Indeed, as set forth more fully below, courts have consistently rejected Plaintiff's proposition that such action is enough to establish liability against a private actor under the Fourth and Fourteenth Amendments. Moreover, even if this was sufficient, or if Plaintiff were to file an Amended Complaint to bring a state law action for malicious prosecution against CVS, Plaintiff has not alleged, and cannot prove, the necessary elements of a *prima facie* case of malicious prosecution as to CVS.

Finally, in Count IV, Plaintiff alleges that CVS was negligent, and thus "contributed" to his arrest, when it failed "to properly verify the prescription" at issue. Id. at ¶ 54. However, New Jersey courts have considered, and expressly rejected, such a claim. Brunson v. Affinity Fed. Credit Union, 972 A.2d 1112, 1124-25 (N.J. 2009).

For these reasons, Plaintiff's Complaint should be dismissed as against CVS, with prejudice, for failure to state claims upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**LEGAL ARGUMENT**

I.      STANDARD OF REVIEW UNDER RULE 12(b)(6).

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Supreme Court held that to satisfy Rule 8, a complaint must contain factual allegations that, taken as a whole, render the plaintiff's entitlement to relief "plausible." Id. at 556, 569 n.14. At the same time, the Supreme Court clarified the Rule 12(b)(6) standard for dismissing a complaint. Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 561 (quoting Conley, 355 U.S. at 45-46). Instead, the Court held that the factual allegations set forth in a complaint "must be enough to raise a right to relief **above the speculative level.**" Id. at 555 (emphasis added). Therefore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and **a formulaic recitation of the elements of a cause of action will not do.**" Id. (internal quotations omitted) (emphasis added). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

In affirming that the Twombly standard applies to all motions to dismiss, the Supreme Court further expanded upon this standard in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). Now, when determining whether a complaint is sufficient to survive a motion to dismiss, courts must "disregard the complaint's legal conclusions and determine whether the remaining factual allegations suggest that the plaintiff has a plausible – as opposed to merely conceivable –

claim for relief." West Penn Allegheny Health System, Inc. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) (citing Iqbal, 129 S. Ct. at 1949-50). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S. Ct. at 1949. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950; UPMC, 627 F.3d at 98. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (internal quotations omitted).

As the purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, courts must restrict their analysis to the pleading itself and accept all allegations in the complaint as true. However, this tenet that a court must accept as true all of the allegations contained in a complaint is "inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In keeping with these principles, the Third Circuit now requires that a district court conduct a two-part analysis when presented with a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). First, "the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. Second, the Court must then determine whether the facts plausibly give rise to an entitlement of relief. Id.

II.   CVS IS NOT A STATE ACTOR FOR THE PURPOSES OF PLAINTIFF'S SECTION 1983 CLAIMS.

42 U.S.C. § 1983, which affords remedies for certain violations of constitutional rights, provides in relevant part that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.…

Section 1983 "does not reach purely private conduct … however discriminatory or wrongful" the conduct may be.  District of Columbia v. Carter, 409 U.S. 418, 423-24, 93 S. Ct. 602 (1973), reh'g denied, 410 U.S. 959, 93 S. Ct. 1411 (1973).  Thus, a plaintiff alleging a violation under Section 1983 bears the burden of proof on the threshold issue of whether a defendant acted "under color of state law."  Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (citing West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988)).  In other words, the alleged actions must "be fairly attributed to the state itself."  Id. at 638-639 (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449 (1974)).

In this case, Plaintiff's sole allegation of "state action" by CVS is its employee's alleged report to the police of his suspected criminal activity.  See Plaintiff's Complaint at ¶ 49.  Making such a call to the police is neither acting "under color of state law" nor can such an action "be fairly attributed to the state itself."  In fact, this Court, and courts across the country, have consistently rejected the idea that reporting information to the police converts a private individual into a state actor for the purposes of a Section 1983 claim.  See Palmerini v. Burgos, No. 10-210, 2011 U.S. Dist. LEXIS 90539 (D.N.J. August 15, 2011) (finding that the defendants "were clearly acting as private individuals when they reported the plaintiff to the police for his

alleged illegal conduct")[2]; Warner v. Sweeney, 05-2871, 2005 U.S. Dist. LEXIS 44340 (D.N.J. Sep. 12, 2005) (reporting information to the police does not turn a private individual into a state actor); English v. Armstrong, 05-2029, 2005 U.S. Dist. LEXIS 45038 (D.N.J. Apr. 26, 2005) (private citizen who reports a crime and gives a statement to the police is not a state actor); see also Moldowan v. City of Warren, 570 F.3d 698, 745 (6th Cir. 2009) ("Providing information to the police … does not expose a private individual to liability for actions taken 'under color of law.'"); Bailey v. Harleysville Nat'l Bank & Trust, 188 Fed. Appx. 66, 68 (3d Cir. 2006) (explaining that a private business who summons a police officer to deal with possible criminal activity is not a state actor); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) (holding that reporting information to a police officer does not constitute state action); Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) ("[p]olice reliance in making an arrest on information given by a private party does not make the private party a state actor."); Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983) ("[t]he mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983"); Cvetko v. Derry Twp. Police Department, No. 09-1260, 2010 U.S. Dist LEXIS 43323 (M.D. Pa. May 4, 2010) ("a private actor does not proceed under color of state law merely by furnishing the police with information" that may lead to an arrest); Cooper v. Muldoon, No. 05-4780, 2006 U.S. Dist. LEXIS 23388 (E.D. Pa. Apr. 26, 2006) ("Merely calling

---

[2] In doing so, the Court also cited to a number of cases where the Third Circuit repeatedly rejected claims brought under Section 1983 by plaintiffs who alleged analogous state action by private actors. See, e.g., Harvey v. Plaints Tp. Police Dept., 421 F.3d 185, 195-96 (3d Cir. 2005) (despite being accompanied by a police officer, landlord who opened tenant's apartment door was not a state actor); Benn v. Universal Health System, Inc., 371 F.3d 165, 171-172 (3d Cir. 2004) (mental health professionals at private mental hospital who applied to have the plaintiff examined to determine whether he should be civilly committed were not state actors even though they filed an application for an emergency examination under state law because the defendants were not controlled by any state agency or performing a function that was traditionally a public one).

the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor."); Fisk v. Letterman, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005) ("a private party who calls police officers for assistance or provides them with information that may lead to an arrest of an individual does not become a state actor"); Perkins v. Rich, 204 F. Supp. 98, 100 (D. Del. 1962), aff'd, 316 F.2d 236 (3d Cir. 1963) (filing of a police report not "state action").[3]

Here, Plaintiff's mere allegation, without any factual support, that CVS, though "ordinarily a private actor … acted under the color of state law" in insufficient under the Twombly and Iqbal standard.  This presumed legal conclusion must be disregarded in favor of examining only the facts as alleged in Plaintiff's Complaint.  See Fowler, 578 F.3d at 210-11. The only fact alleged by Plaintiff is that, "upon information and belief," one of CVS's employees reported his suspected criminal activity to the police.  See Plaintiff's Complaint at ¶¶ 22, 49. The law is clear that this is insufficient to establish state action on behalf of a private actor.  As such, Plaintiff has failed to state a plausible Section 1983 claim against CVS as a matter of law and CVS is entitled to dismissal of Count III, with prejudice.

---

[3] Moreover, even private actors who go further than merely reporting information to the police, by filing lawsuits or taking legal measures against another individual, are not, for Section 1983 purposes, state actors.  See Dipietro v. New Jersey Family Support Payment Center, No. 08-4761, 2009 U.S. Dist. LEXIS 48691 (D.N.J. June 10, 2009) (citing Gueson v. Feldman, No. 00-1117, 2001 U.S. Dist. LEXIS 24210 (E.D. Pa. Nov. 30, 2001), Joynes v. Meconi, No. 05-332, 2006 U.S. Dist. LEXIS 71296 (D. Del. Sep. 30, 2006)).

III.     PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM OF MALICIOUS
         PROSECUTION AGAINST CVS.

Even if Plaintiff were to succeed in proving CVS acted under the color of state law, or if

Plaintiff were to file an amended complaint to bring a state law claim for malicious prosecution,

the facts, as alleged, fail to state a plausible claim for malicious prosecution against CVS.  To

successfully maintain an action for malicious prosecution under section 1983, a plaintiff must

plead and prove that:  (1) the defendant initiated a criminal proceeding; (2) the criminal

proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause;

(4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice;

and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a

consequence of a legal proceeding.  Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007); Estate

of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).  With the exception of the fifth element,

the common law tort of malicious prosecution in New Jersey has identical elements.   See

Brunson v. Affinity Federal Credit Union, 972 A.2d 1112, 1119 (N.J. 2009); Helmy v. City of

Jersey City, 836 A.2d 802 (N.J. 2003).

Actions for malicious prosecution are not favored in New Jersey and the requirements for

maintaining such actions are more stringent than those applied in other tort actions.  Id.  This is

so because "citizens should not be inhibited in instituting prosecution of those reasonably

suspected of crime."  Id. (citing Lind, 337 A.2d 365); see also Penwag Property Co. Inc. v.

Landau, 338 A.2d 1265 (N.J. 1978) ("Malicious prosecution ... is not a favored cause of action

because of the policy that people should not be inhibited in seeking redress in the courts.").  Put

another way,

> "the law does not look with favor upon actions for malicious
> prosecution; it does not encourage them.  The reason is embedded
> deeply in our jurisprudence.  The courts must be freely accessible

> to the people.  Extreme care must be exercised so as to avoid the creation of a reluctance on their part to seek redress for civil or criminal wrongs for fear of being subjected to a damage suit if the action results adversely."

Brunson, 972 A.2d at 1119-20 (quoting Mayflower Indus. v. Thor Corp., 83 A.2d 246 (N.J. Super. Ch. Div. 1951), appeal dismissed, 89 A.2d 277 (N.J. App. Div.), aff'd, 89 A.2d 242 (N.J. 1952)).  As a result, "[i]t is beyond doubt that the plaintiff must establish each element and that, upon failure to prove any one, the cause must fail." Brunson, 972 A.2d at 1119 (citing Lind v. Schmid, 337 A.2d 365 (N.J. 1975)).

Accepting all of the facts as true, Plaintiff's complaint, as alleged, does not rise "above the speculative level" or state a plausible case for malicious prosecution against CVS.  See Iqbal, 129 S. Ct. at 1949-50; Twombly, 550 U.S. at 555.  Plaintiff's Complaint simply pleads fact that are "merely consistent with [CVS]'s liability, [but] stops short" of demonstrating plausibility of entitlement to relief." Iqbal, 129 S. Ct. at 1949.   Because the facts as alleged in Plaintiff's Complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Iqbal, 129 S. Ct. at 1950 (internal quotations omitted).

First, Plaintiff has not alleged, and cannot prove, that CVS "initiated a criminal proceeding" against him.  According to his Complaint, the only fact alleged by Plaintiff to support this element is that, "upon information and belief," one of CVS's employees reported his suspected criminal activity to the police.  See Plaintiff's Complaint at ¶¶ 22, 49.  Just as this allegation was insufficient to establish state action under Section 1983, reporting a suspected crime or providing information to the police is similarly insufficient to constitute initiation of a criminal proceeding.  For example, in Wiltz v. Middlesex County Office of the Prosecutor, 249 Fed. Appx. 944, 950 (3d Cir. 2007), the Third Circuit Court of Appeals upheld the district

court's dismissal of the plaintiff's malicious prosecution claim against the non-government defendants because plaintiff's allegations that "the private defendants urged" the prosecution of the plaintiff and provided information and statements to the authorities which were used in the prosecution "were too conclusory" to establish the defendant initiated the prosecution against the plaintiff. Id.   Similarly, in the recent decision of Maultsby v. RIH Acquisitions NJ, LLC, this Court found that the defendant's call to the Division of Gaming Enforcement, which subsequently resulted in action against the plaintiff, was insufficient to establish the initiation element of his malicious prosecution claim, and, as a result, dismissed his complaint. Maultsby v. RIH Acquisitions NJ, LLC, 09-4376, 2011 U.S. Dist. LEXIS 148267 (D.N.J. Dec. 27, 2011). For these same reasons, this Court should find that Plaintiff has not plead plausible facts to show that CVS initiated the prosecution against him and, as a result, dismiss Plaintiff's claim for malicious prosecution against CVS.

Second, with respect to the fourth element, Plaintiff's "formulaic recitation" that CVS "acted maliciously or for a purpose other than bringing the plaintiff to justice" is insufficient to survive a motion to dismiss. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Malice, in the context of malicious prosecution, is defined as "either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." Pittman v. Metuchen Police Department, 08-2373, 2010 U.S. Dist. LEXIS 108898 (D.N.J. Oct. 13, 2010); Morales v. Busbee, 972 F.Supp. 254, 261 (D.N.J. 1997).   Plaintiff's complaint is devoid of any mention or facts establishing *how* CVS acted

"maliciously" or "for a purpose other than bringing Plaintiff to justice" in this case.[4]   Under Iqbal, Plaintiff must do more than suggest a "sheer possibility" that CVS was malicious – he must plead factual content that allows the court to draw the reasonable inference that CVS was malicious.  See Iqbal, 129 S. Ct. at 1949.  It is clear from his Complaint that Plaintiff has not done so.  Accordingly, Plaintiff's malicious prosecution claim against CVS should be dismissed. See Kates v. Bridgeton Police Department, 10-6386, 2011 U.S. Dist. LEXIS 146652 (D.N.J. Dec. 21, 2011) (dismissing plaintiff's claim for malicious prosecution, in part, because plaintiff had "no facts tending to establish that the prosecution was instituted by malice"); Hines v. Whalen, 10-2850, 2011 U.S. Dist. LEXIS 129491 (D.N.J. Nov. 7, 2011) (dismissing plaintiff's claim for malicious prosecution, in part, because he "alleged no facts that the prosecution was instituted by malice").

Finally, the same is true for the third element of his cause of action – lack of probable cause.  Despite his statement of the element in his Complaint, Plaintiff has failed to assert any facts that show CVS acted without probable cause when its employee "reported" Plaintiff's suspected criminal activity to the police.  As a result, for the same reasons, the malicious prosecution claim against CVS should be dismissed.  See Kates, 2011 U.S. Dist. LEXIS 146652 (dismissing plaintiff's claim for malicious prosecution, in part, because he alleged no facts tending to establish that there was an absence of probable cause).

---

[4] While Plaintiff's complaint similarly alleges that CVS lacked probable cause, Plaintiff must do more than "simply point to the absence of probable cause as sufficient proof of the required element of malice."  Brunson, 972 A.2d at 1120.  A showing of "actual malice," which must "include at least some extrinsic evidence of malice, rather than relying only upon inference" is required.  Id.

IV.    NEW JERSEY HAS EXPRESSLY CONSIDERED AND REJECTED THE COMMON
       LAW CLAIM OF NEGLIGENT INVESTIGATION.

Finally, Plaintiff's second claim against CVS (Count IV) similarly fails to state a claim upon which relief may be granted. Count IV of Plaintiff's Complaint is a "state law claim" based in "negligence." Specifically, Plaintiff alleges that CVS was negligent "[b]y failing to properly verify the prescription" at issue in this case. See Plaintiff's Complaint at ¶ 54. In essence, Plaintiff claims that CVS's failure to investigate the legitimacy of the prescription constitutes a violation of a duty under New Jersey law. However, the New Jersey Supreme Court has expressly considered and rejected this cause of action. Brunson, 972 A.2d at 1124-25.

In Brunson v. Affinity Federal Credit Union, a case analogous to the facts as alleged in Plaintiff's Complaint, the plaintiff filed a complaint against the defendant bank, one of its employees, and fictitious defendants alleging, among other claims, malicious prosecution and negligence for his arrest and thirteen-day incarceration after the defendant bank's employee reported to the police that he believed plaintiff had been issuing bad checks and committing forgery and theft by deception. Id. at 1114-17. Ultimately, it was determined that plaintiff had been the victim of identity theft and was wrongfully charged with these crimes. Id. This fact notwithstanding, the trial court dismissed the plaintiff's complaint. Id.

Plaintiff appealed and the Appellate Division reversed and remanded. See Brunson v. Affinity Fed. Credit Union, 954 A.2d 550 (N.J. App. Div. 2008). With respect to plaintiff's malicious prosecution claim, the court concluded that whether there was probable cause for the proceeding was a question "for the fact finder in this case." Id. Turning to plaintiff's negligence claim, the panel determined that plaintiff stated a valid cause of action for negligently filing a criminal complaint "without undertaking a reasonable investigation." Id. Conceding that this

was a novel claim, the panel nevertheless concluded that "legally it does not differ from any other negligence claim." Id.

The defendants then appealed to the New Jersey Supreme Court.  With respect to plaintiff's malicious prosecution claim, the Supreme Court held that the trial court was right to dismiss the claim because plaintiff had not alleged, and could not prove, "actual malice" – a required element of the cause of action. Brunson, 972 A.2d at 1119-20 ("a plaintiff cannot simply point to the absence of probable cause as sufficient proof of the required element of malice").  The Supreme Court similarly upheld the trial court's dismissal of plaintiff's negligent investigation claim.  On appeal, the defendants argued that the Appellate Division "exceeded [its] authority and created a *new* tort" for negligent investigation "which now threatens to supplant the tort of [m]alicious [p]rosecution and fundamentally subvert the delicate balance of public policy considerations that this Court has created in the heightened standards for a [m]alicious [p]rosecution claim." Id. at 1118 (brackets and emphasis in original).  The Supreme Court agreed, determining that the appellate panel had "created a 'negligence back door' that avoids the intentionally difficult requirements for a malicious prosecution claim, and, thereby, renders those requirements irrelevant." Id. at 1125.  Finding it "concern[ing]" that an action for negligent investigation might go forward when a malicious prosecution action is barred, the Supreme Court expressly rejected the panel's creation of a new cause of action for negligent investigation as a surrogate for a traditional malicious prosecution claim. Id.

Plaintiff's claim that CVS was negligent "[b]y failing to properly verify the prescription" at issue before contacting the police is nothing more than a "negligence back door" attempt by Plaintiff to circumvent the strict requirements of a malicious prosecution claim.  Failing to properly investigate the legitimacy of the prescription is not a valid claim under New Jersey law.

Based on the Supreme Court's holding in <u>Brunson</u>, CVS is entitled to dismissal of this Count, with prejudice.

## CONCLUSION

For all of the reasons set forth above, CVS Pharmacy, Inc. respectfully submits that Plaintiff's claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Mayfield, Turner, O'Mara, & Donnelly, PC
**Attorneys for Defendant, CVS Pharmacy, Inc.**

By: _____
Francis X. Donnelly, Esquire

Dated: January 26, 2012

## CERTIFICATE OF SERVICE

I hereby certify that the within Brief on Behalf of CVS Pharmacy, Inc. in Support of Its Motion to Dismiss was timely served to Matthew B. Weisberg, Esquire, WEISBERG LAW, P.C., 7 South Morton Avenue, Morton, PA 19070, via electronic mail, on the 26th day of January, 2012.

_____
Francis X. Donnelly, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAMON CARNEY, | : | Hon. Robert B. Kugler |
| | : | |
| Plaintiff | : | Civil Action No. 11-CV-07366 |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE POLICE OFFICER, individually | : | **ORDER GRANTING** |
| and in his official capacity, PENNSAUKEN | : | **DEFENDANT CVS PHARMACY,** |
| TOWNSHIP POLICE DEPARTMENT, CITY | : | **INC.'S MOTION TO DISMISS** |
| OF PENNSAUKEN, CVS PHARMACY, INC., | : | |
| AND JOHN DOES 1-10, | : | |
| | : | |
| Defendants. | : | |

**THIS MATTER** having been brought before the Court by Francis X. Donnelly, Esquire, of the firm Mayfield, Turner, O'Mara, & Donnelly, P.C., counsel for the Defendant CVS Pharmacy, Inc., for an Order granting dismissal of the Complaint as against this Defendant pursuant to Fed. R. Civ. P. 12(b)(6);

**AND** the Court having considered the submissions on behalf of the parties, and for good cause shown;

**IT IS ON THIS** _____ day of _____, 2012:

**ORDERED** that Defendant CVS Pharmacy, Inc.'s Motion to Dismiss be and is hereby granted.  Plaintiff's Complaint is hereby dismissed with prejudice in its entirety as against the Defendant, CVS Pharmacy, Inc.

**ORDERED** that a copy of this Order shall be served upon all counsel of record within _____ days of the date hereof.

_____
Hon. Robert B. Kugler, U.S.D.J.