IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAMON CARNEY, | : |
| Plaintiff, | : Civil No. 11-7366 (RBK/JS) |
| v. | : **OPINION** |
| PENNSAUKEN TOWNSHIP POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion by Defendants CVS Pharmacy, Inc. ("CVS") and Wanda Frey[1] ("Ms. Frey") (collectively, "Defendants") to dismiss Count III of the complaint of Damon Carney ("Plaintiff"). Defendants argue that Plaintiff has failed to state a claim against either CVS or Ms. Frey because he cannot allege that Defendants initiated a criminal proceeding against him, as required for a viable malicious prosecution claim. Plaintiff counters that Defendants initiated the proceeding when Ms. Frey maliciously reported to the police that Plaintiff's mother was a "narcotics seeker" and deceptively induced Plaintiff to wait at CVS to be arrested. Because Plaintiff has not satisfied the "initiation" requirement for malicious prosecution, Defendants' motion to dismiss is **GRANTED**.

**I.    BACKGROUND**

During the first week of June 2011, Plaintiff's mother was hospitalized for injuries sustained during a seizure. Compl. ¶13. Plaintiff's mother had been diagnosed with brain cancer

---

[1] Plaintiff asserted the malicious prosecution claim against "Wendy Frey." However, Defendants' opposition references Ms. Frey as "Wanda."

and routinely suffered from seizures as a result of her condition.  Id. at ¶14.  After his mother's discharge from the hospital, Plaintiff went to a CVS located in Pennsauken, New Jersey to fill his mother's prescription.  Id. at ¶15-16.  Ms. Frey, a CVS employee, advised that he would need to wait several hours before receiving the medication.  Id. at ¶16.  When Plaintiff returned for the prescription, he was again instructed to wait.  Plaintiff alleges that Ms. Frey "deceptively" made him wait "to enable the Police Defendants to arrest him."  Id. at ¶19.  As Plaintiff waited, Ms. Frey allegedly "reported to the other Defendants, including, Defendant, Officer Nurthen, that an individual named, Jessica Mitchell, an employee of Cooper Hospital, informed her that the prescription was altered, and that Denise Bryant was known to Cooper Hospital to be a narcotic abuser."  Id. at ¶25.  Plaintiff further alleges that Ms. Frey "intentionally and/or recklessly lied to other Defendants, including Defendant Nurthen, about what she was told by Mitchell" and that "Mitchell never advised Frey that Bryant was a narcotic abuser."  Id. at ¶28-29.

Plaintiff was arrested and charged for allegedly forging the prescription.  The charges were eventually dismissed after Plaintiff provided evidence that the prescription was for his mother.  Plaintiff argues that due to each of the defendants' actions, he was detained for approximately three hours and was forced to pay thousands to retain an attorney to contest the "baseless" charges against him.  Id. at ¶36-39.  Based on these events, Plaintiff has asserted malicious prosecution claims pursuant to 28 U.S.C. §1983 against Officer Nurthen, John Doe Police Officers, Ms. Frey, and CVS.[2]  Id. at ¶44-52, 59-66.  Plaintiff also asserts a Monell claim against the Pennsauken Township Police Department and City of Pennsauken.  Id. at ¶53-58.

---

[2]  Section 1983 states in relevant part:  "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . ."  28 U.S.C. §1983.

Defendants now move to dismiss Plaintiff's Section 1983 claim against CVS and Ms. Frey, arguing that Plaintiff has not sufficiently alleged the elements of malicious prosecution.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680).  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

**III. DISCUSSION**

Plaintiff has asserted a Section 1983 claim for malicious prosecution against Defendants.[3] Unlike the state law cause of action, which is premised on the alleged malicious prosecution itself, Section 1983 malicious prosecution actions may only seek redress for violations of a federal right. See Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."). In other words, a plaintiff may not simply allege the common law tort elements, but rather must also plead the deprivation of a substantive federal right as a condition precedent to establishing malicious prosecution. See Donahue v. Gavin, 280 F.3d 371, 379-381 (3d Cir. 2002) (acknowledging that Albright changed the legal landscape and Plaintiffs must now plead a constitutional injury). Accordingly, in order to assert a malicious prosecution claim pursuant to Section 1983, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty

---

[3] Plaintiff brings this malicious prosecution claim under Section 1983. However, in their brief in support of the motion to dismiss, Defendants cite the legal standard for state law malicious prosecution actions. Under New Jersey law, the plaintiff must plead that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his or her favor; (3) the defendant initiated the proceeding without probable cause; and 4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice. Def. Br. at 5. citing Brunson v. Affinity Federal Credit Union, 972 A.2d 1112, 1119 (N.J. 2009). Plaintiff cites to three different federal cases and asserts that the plaintiff must plead: (1) deprivation of liberty, (2) an absence of probable cause for initiation of the criminal proceedings, and 3) termination or reversal of criminal proceedings by reason of the plaintiff's innocence. Pl. Opp'n. at 6-7.

Although Defendants have cited the wrong law, their misstatement is not material and the Court will grant the motion to dismiss. For both Section 1983 and common law claims for malicious prosecution, the plaintiff must assert facts supporting that the defendant initiated a criminal proceeding against him.

consistent with the concept of seizure as a consequence of a legal proceeding.[4] Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007).

Defendants argue that Plaintiff has failed to plead a plausible claim for malicious prosecution because he cannot allege that either CVS or Ms. Frey initiated a criminal proceeding against him. Defendants cite to cases from New Jersey courts and federal courts interpreting New Jersey law and argue that as a matter of law, reporting suspected criminal activity to the police is not sufficient to establish the "initiation" element of a malicious prosecution claim. See Defs. Br. at 7 citing Wiltz v. Middlesex Cnty. Office of the Prosecutor, 249 Fed. Appx. 944, 950 (3d Cir. 2007) (affirming district court's dismissal because the alleged actions of the private actors were both "too minor and too removed from the prosecution to satisfy the 'instituted proceedings' prong of the malicious prosecution claim'"). Defendants note that Plaintiff has not alleged that either Ms. Frey or any other employee of CVS had any involvement whatsoever with the criminal prosecution. Defs. Br. at 8. Plaintiff merely alleges that Ms. Frey made a false report to the police.

Plaintiff largely ignores Defendants' "initiation" argument and counters that Ms. Frey's "actions rise to a level above mere reporting of the suspicion of a crime to the police." Pl. Opp'n at 7. In the complaint, Plaintiff alleges that CVS employees act as agents of the police and identify potentially forged prescriptions in exchange for the store's ability to "sell narcotics and pharmaceuticals to the public." Compl. ¶64. As part of this alleged "symbiotic relationship," the police uncritically accept the reports of CVS employees without any independent investigation. Id. at ¶65-66. Under this framework, Plaintiff argues that the allegations of the Second Amended Complaint (that Ms. Frey lied about her conversation with the Cooper Hospital employee and

---

[4] The deprivation of liberty requirement is only applicable when the malicious prosecution claim arises from alleged violations of the Fourth Amendment. See Johnson v. Knorr, 477 F.3d at 82 n.8.

maliciously reported to the police that Plaintiff was attempting to fill a forged prescription) are sufficient to establish that Defendants initiated a criminal proceeding against him. Pl. Opp'n at 8.

Although neither party has cited a decision interpreting the "initiation" prong of malicious prosecution claims under federal law,[5] the Court finds New Jersey state law persuasive in this regard. Given that the "initiation" element was originally a common law requirement that has been adopted by federal courts,[6] it is pertinent for the Court to consider New Jersey state court cases interpreting that element. Turning then to the law of New Jersey, Plaintiff has failed to assert a plausible claim for malicious prosecution against Defendants. In Seidel v. Greenberg, the court stated that: "[t]he test of liability in an action for malicious prosecution is: Was defendant actively instrumental in putting the law in force?" 260 A.2d 863, 869 (N.J.Super. Ct. Law Div. 1969). However, the court further noted that a plaintiff does not prove that the defendant initiated a criminal proceeding when "the prosecution of [the] plaintiff was brought about by the intervening and independent acts of law enforcement authorities who filed the complaint against him after making their own investigation and appraisal . . . ." Id. at 873 (citing Magowan v. Rickey, 45 A. 804 (N.J. 1900); MacLaughlin v. Lehigh Valley R. Co., 108 A. 309 (N.J. 1919); Prostick v. Vroom, 29 A.2d 857 (N.J. 1942)). In this case, Officer Nurthen clearly conducted his own investigation. Officer Nurthen's report, which Plaintiff attached to the Second Amended Complaint and can thus be considered by the Court at this stage in the

---

[5] Neither has the Court uncovered such a case in its own search.

[6] See Donahue v. Gavin, 280 F.3d 371, 379 (3d Cir. 2002) ("Prior to 1994, we allowed plaintiffs to bring malicious prosecution claims under §1983 by alleging the common law elements of the tort. . . We had always assumed that by proving a violation of the common law tort, the plaintiff proved a violation of substantive due process that would support a §1983 claim for malicious prosecution suit.")

litigation,[7] states that the officer "called Cooper Hospital (at approximately 1150 hours on extension 2010) to verify the complainant's report." Compl., Ex. A at 3. The officer's report continues that: "Mitchell advised me the prescription had been altered as described above. I logged the prescription into evidence as item #1." Id. Thus, Plaintiff's prosecution was initiated due to the "intervening and independent acts of" Officer Nurthen, not by Defendants.

Plaintiff's own opposition highlights the critical flaw in his malicious prosecution claim against Defendants. In his opposition, Plaintiff argues that Ms. Frey "could have taken any number of actions, such as advising Plaintiff that the prescription was invalid, and that the perception [sic.] would not be filled by CVS . . . Instead, Defendant Frey deceived Plaintiff, lied to him and lied to Officer Nurthen about what she was told by Dr. Mitchell at Cooper Hospital, all in one effort to assist the Pennsauken Township Police Department in effectuating Plaintiff's arrest." (emphasis added) Pl. Opp'n at 8. Whether Ms. Frey was essential in Plaintiff's arrest does not resolve the question of whether she "was instrumental in putting the law in force" and initiated the criminal proceeding against him. Plaintiff has failed to assert a plausible claim for malicious prosecution against Ms. Frey or CVS because his allegations do not establish that Defendants initiated a criminal proceeding against him. Therefore, the Court will grant Defendants' motion and dismiss Count III of Plaintiff's complaint.

---

[7] See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.")

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and Count III of Plaintiff's complaint is **DISMISSED**. An accompanying Order shall issue today.


Dated: June 3, 2013                                              /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge