**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| DAMON CARNEY, | : | |
| | : | |
| Plaintiff, | : | Civil No. 11-7366  (RBK/JS) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PENNSAUKEN TOWNSHIP POLICE DEPARTMENT, et al., | : | |
| | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of Damon Carney ("Plaintiff") for

reconsideration of the Court's June 3, 2013 Order.  In the Order, the Court granted the motion of

Defendants CVS Pharmacy, Inc. ("CVS") and Wanda Frey[1] ("Ms. Frey") (collectively,

"Defendants") to dismiss Count III of Plaintiff's complaint.  Plaintiff now seeks reconsideration,

arguing that the Court committed various legal errors in its original Opinion.  Because Plaintiff

has failed to satisfy the high standard required for reconsideration, Plaintiff's motion is

**DENIED**.

**I.      BACKGROUND**

The Court provided a more detailed recital of the facts in its June 3, 2013 Opinion.

Therefore, the Court will only provide a brief summary sufficient to resolve the instant motion.

Plaintiff alleges that he was arrested and charged for forging a prescription after trying

to fill his mother's prescription at a Pennsauken CVS.  According to Plaintiff, Ms. Frey, a CVS

---

[1] Plaintiff continues to refer to Ms. Frey as "Wendy Frey."  However, Defendants' motion to dismiss referenced Ms. Frey as "Wanda."

employee, lied to the Pennsauken Township Police Department and deceived Plaintiff into waiting until the police arrived to arrest him. Specifically, Plaintiff alleges that Ms. Frey told Officer Nurthen that Dr. Mitchell, a Cooper Hospital employee, advised her that Plaintiff's mother's prescription had been altered. Based on these events, Plaintiff asserted Section 1983 claims for malicious prosecution against Officer Nurthen, John Doe Police Officers, Ms. Frey, and CVS. Plaintiff also has asserted a Section 1983 claim for municipal liability against the Pennsauken Township Police Department and City of Pennsauken. On June 3, 2013, the Court dismissed Plaintiff's malicious prosecution claims against Ms. Frey and CVS, finding that Plaintiff had failed to adequately plead that either defendant initiated a criminal proceeding against him.

## II.     LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). That rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail on a motion for reconsideration, the moving party must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).

## III. DISCUSSION

At the outset, the Court must note that Plaintiff merely seeks to re-litigate the plausibility of the legal claims the Court has already dismissed. Plaintiff does not provide any new law or fact that the Court initially overlooked. Plaintiff merely disagrees with the Court's original analysis. Though the Court could deny Plaintiff's motion outright on this basis, the Court will attempt to allay Plaintiff's fears that the Court committed error by highlighting the deficiencies of the arguments he now raises on reconsideration.

Plaintiff first argues that the Court committed "manifest error" by not accepting the allegations of Plaintiff's complaint as true. According to Plaintiff, the Court "substitut[ed] its own judgment of the facts" when it found that "Officer Nurthen clearly conducted his own investigation." Pl.'s Mot. Recons. at 4-5.[2] Plaintiff argues that the Second Amended Complaint alleged that Officer Nurthern's report contained fabrications and that Dr. Mitchell never told Officer Nurthen "anything of the sort." Id. at 5. However, Plaintiff did not plead the allegations he now raises in his motion for reconsideration. Paragraphs 28-31 of Plaintiff's Second Amended Complaint, which Plaintiff cites in the motion for reconsideration as "clearly stat[ing] that the statements set forth in Officer Nurthen's report are fabrications," actually read as

_____

[2] Because Plaintiff did not paginate his brief, the Court will refer to the electronically assigned page numbers throughout the Opinion.

follows:

> "28.  However, in fact, Mitchell never advised <u>Frey</u> that Bryant was a narcotic abuser
>
> 29.  Upon information and belief, Frey intentionally and/or recklessly lied to other Defendants, including Defendant Nurthen, about what she was told by Mitchell.
>
> 30. Frey advised Nurthen that Mitchell informed her that Plaintiff's mother was a narcotic seeker/abuser.
>
> 31. In part, Nurthen based the affidavit of probable cause upon the statement of Frey, that Plaintiff's mother was a narcotic seeker."

(emphasis added) Pl.'s Second Am. Compl. ¶¶28-31.  Plaintiff does not allege that Officer Nurthen himself lied about contacting Cooper Hospital to verify the information provided by Ms. Frey.  Instead, Plaintiff alleges that Ms. Frey lied to Officer Nurthen about her conversation with Dr. Mitchell.  The Court accepted this fact when deciding the motion to dismiss.  That Ms. Frey lied to Officer Nurthen, however, does not alter the fact that Officer Nurthen's report, which the Court would have not considered but for Plaintiff attaching it to his Second Amended Complaint, states that the Officer Nurthen "called Cooper Hospital (at approximately 1150 hours on extension 2010) to verify the complainant's report."  Second Am. Compl., Ex. A at 3.  Officer Nurthen's report unequivocally states that "Mitchell advised [him] the prescription had been altered as described above."  <u>Id.</u>  The Court did not make a credibility determination as alleged by Plaintiff.  Instead, the Court accepted Plaintiff's allegations as true and also considered the exhibit that Plaintiff himself attached to his Second Amended Complaint.  These allegations and the submitted evidence do not satisfy the initiation prong as required for a plausible Section 1983 malicious prosecution claim, no matter how ardently Plaintiff protests.

Plaintiff next takes exception to the Court's choice of legal precedent.  Plaintiff argues:

"In support of its erroneous opinion, the District Court cites to two separate New Jersey Court opinions, one case from 1900 and another from 1942. Both of these opinions predate the enactment of 42 U.S.C. §1983." There are two errors in Plaintiff's argument. First, Section 1983 was enacted pursuant to the Civil Rights Act of 1871, well before either case cited by the Court was decided. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978) (detailing the history of the Civil Rights Act of 1871); see also Kirk v. Cty. of Newark, 109 N.J. 173, 179 (1988) ("Although enacted in 1871, section 1983 did not generate much litigation until 1961 . . ."). More importantly, however, the Court cited to these and other state law opinions as persuasive authority because neither party provided a federal case explicitly interpreting the initiation prong as it pertained to a Section 1983 malicious prosecution claim. Because the initiation element was essentially borrowed from the common law requirements for malicious prosecution, the Court found it appropriate to consider the law of New Jersey. Therefore, even if the Court had cited to cases that predated Section 1983's enactment, this fact would be immaterial.

Finally, Plaintiff argues that the Court cited Wiltz v. Middlesex Cnty. Office of the Prosecutor, 249 Fed. Appx. 944, 950 (3d Cir. 2007), "for the principle that the CVS Defendants actions were far too minor and removed from the prosecution to satisfy the instituted proceedings prong of the malicious prosecution claim." Pl.'s Mot. Recons. at 6. This is a misreading of the Court's opinion. The Court did not espouse any such principle in deciding Plaintiff's motion. The relevant portion of the Court's opinion actually states: "*Defendants* cite to cases from New Jersey courts and federal courts interpreting New Jersey law and argue that as a matter of law, reporting suspected criminal activity to the police is not sufficient to establish the 'initiation' element of a malicious prosecution claim." (emphasis added) June 3, 2013 Opinion at 5. The

Court merely recited Defendants' argument but did not express any adoption or rejection of that contention. The Court based its ruling on Plaintiff's failure to allege any fact suggesting that either CVS or Ms. Frey initiated a criminal proceeding against Plaintiff, as required for a viable malicious prosecution action.

As the Court noted in its original Opinion, "Plaintiff's own opposition highlights the critical flaw in his malicious prosecution claim against Defendants." Id. at 7. Plaintiff argues that Ms. Frey "lied to Officer Nurthen about what she was told by Dr. Mitchell at Cooper Hospital, all in one effort to assist the Pennsauken Township Police Department in effectuating Plaintiff's arrest." Id. Plaintiff may have alleged that CVS and Ms. Frey were instrumental in initiating his arrest, but he has not alleged that either was instrumental in initiating his prosecution. Therefore, the Court will deny Plaintiff's motion for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**. An accompanying Order shall issue today.


Dated: 8/21/2013                                  /s/ Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge